IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jevarreo Kelly-Lomax, individually
and for a class,

        *Plaintiff*,

        *-vs-*

City of Chicago,

        *Defendant.*

No. 20-cv-____

(Jury Demand

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Jevarreo Kelly-Lomax is a resident of the Northern District of Illinois. Plaintiff brings this case individually and for a class of similarly situated persons.

3. Defendant City of Chicago is a municipal corporation organized and existing under the laws of the State of Illinois.

4. Defendant City of Chicago requires that all arrestees taken into police custody surrender various items of "personal property" that are neither evidence nor contraband, including but not limited to jewelry, cell phones, and other electronic devices.

5. The City of Chicago refers to these items as "Property Available for Return to Owner."

6. Following arrest, the arrestee may retrieve "Property Available for Return to Owner" by going in person to the Chicago Police Department Evidence and Recovered Property Section.

7. At all relevant times, the official policy of the City of Chicago has been that an arrestee who is in custody following arrest may retrieve the "Property Available for Return to Owner" only by designating a person to whom the property should be released.

8. The designee must then retrieve the property by going in person to the Chicago Police Department Evidence and Recovered Property Section.

9. At all relevant times, the official policy of the City of Chicago has been that "Property Available for Return to Owner" not retrieved within 30 days of arrest is considered abandoned under Chicago Municipal Code Section 2-84-160 and is destroyed, confiscated, or sold at public auction.

10. At all relevant times, the City of Chicago has known that many arrestees are held in custody for more than 30 days following arrest and that many of these arrestees are unable to secure a designee to retrieve their "Property Available for Return to Owner."

11. At all relevant times, the City of Chicago has refused to establish a procedure for the return of property to arrestees who are held in custody for

more than 30 days following arrest and who are unable to secure a designee to retrieve their "Property Available for Return to Owner."

12. Plaintiff was arrested on April 18, 2019 by Chicago police officers, who seized from plaintiff a cellphone, charger, earbuds, and two earrings. The officers designated this property as "Property Available for Return to Owner."

13. Following his arrest, plaintiff was transferred to the custody of the Sheriff of Cook County, who detained plaintiff at the Cook County Jail until October 17, 2019, when he was released from custody.

14. The "Property Available for Return to Owner" described in paragraph 12 above remained in the custody of the City of Chicago when plaintiff was transferred to the custody of the Sheriff of Cook County.

15. Plaintiff was unable to secure a designee to retrieve his personal property from the City of Chicago while in custody at the Cook County Jail.

16. Pursuant to the official policies described above, the City of Chicago destroyed, confiscated, or sold at public auction the "Property Available for Return to Owner" described in paragraph 12 above.

17. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and permanently deprived of his property.

18. Plaintiff brings this action individually and for all persons arrested by the Chicago police department from August 6, 2018 to the date of

entry of judgment whose "Property Available for Return to Owner" was held by the City of Chicago, who remained in custody for more than 30 days after arrest, who were unable to find a designee to retrieve their property, and whose property was destroyed, confiscated, or sold at public auction by the City of Chicago.

19.    This class claim satisfies each of the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

WHEREFORE plaintiff requests that judgment be entered in his favor and in favor of the proposed class for compensatory damages and that the Court grant whatsoever other relief as may be appropriate, including an award of fees and costs.

/s/   <u>Kenneth N. Flaxman</u>
       Kenneth N. Flaxman
       ARDC No. 830399
       Joel A. Flaxman
       200 S Michigan Ave, Ste 201
       Chicago, IL 60604
       (312) 427-3200
       *attorneys for plaintiff*