## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEVARREO KELLEY-LOMAX, individually and for a class, | ) ) ) | |
| Plaintiff, | ) ) | No. 20 C 4638 |
| v. | ) ) | Judge John Z. Lee |
| CITY OF CHICAGO, | ) ) | |
| Defendant. | ) ) | |

### ORDER

Plaintiff Jevarreo Kelley-Lomax, individually and on behalf of a class, brings claims under 42 U.S.C. § 1983 against the City of Chicago ("the City"), alleging that the City violated his rights under the Fourth, Fifth, and Fourteenth Amendments by destroying his personal property seized incident to arrest after it was not retrieved within thirty days. The City moves to dismiss the amended complaint with prejudice for failure to state a claim [14]. Because the Seventh Circuit's decision in *Conyers v. City of Chicago*, --- F.4th ----, No. 20-1934, 2021 WL 3645869 (7th Cir. Aug. 18, 2021), forecloses Kelley-Lomax's claims, the City's motion is granted. Civil case terminated.

### STATEMENT

Kelley-Lomax alleges that he was arrested by Chicago police officers on April 18, 2019. Am. Compl. ¶ 12, ECF No. 6. In accordance with its policy for arrestees, the City required Kelley-Lomax to surrender any personal belongings that were

neither evidence nor contraband, which, for him, included a cellphone, charger, earbuds, and two earrings. *Id.* ¶ 4.

An arrestee who is released from custody after arrest may retrieve his property by going in person to the Chicago Police Department ("CPD") Evidence and Recovered Property Section ("ERPS"). *Id.* ¶ 6. But an arrestee who remains in custody may retrieve his property only by designating a person to whom the property may be released. *Id.* ¶ 7. The designee must then go in person to the ERPS to retrieve the property. *Id.* ¶ 8. Under Chicago Municipal Code Section 2-84-160, any property not retrieved within thirty days is considered abandoned and may be destroyed, confiscated, or sold at public auction. *Id.* ¶ 9.

Kelley-Lomax remained in custody for nearly six months and was unable to secure a designee to retrieve his personal property from the City. *Id.* ¶¶ 13, 15. He alleges, on information and belief, that the City has destroyed, confiscated, or sold his belongings at public auction pursuant to Section 2-84-160. *Id.* ¶ 16. Based on that alleged deprivation of property, Kelley-Lomax claims that the City violated his rights under the Fourth Amendment's prohibition against unreasonable seizures, the Fifth Amendment's Takings Clause, and the Fourteenth Amendment's Due Process Clause. *See id.* ¶ 17; Pl.'s Resp. Opp'n Mot. Dismiss at 3–4, 11–13, ECF No. 24.

The City has moved to dismiss Kelley-Lomax's amended complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. Dismiss, ECF No. 14. In so doing, the City relied largely on the district court's decision in *Conyers v. City of Chicago*, which the Seventh Circuit just recently

affirmed, albeit on somewhat different grounds. No. 12 C 6144, 2020 WL 2528534 (N.D. Ill. May 18, 2020), *aff'd*, 2021 WL 3645869 (7th Cir. Aug. 18, 2021).

Like Kelley-Lomax, the plaintiff in *Conyers* claimed that the City's destruction of his wallet, debit card, library card, and two cell phones pursuant to Section 2-84-160, after the belongings were not retrieved within thirty days, violated the same constitutional provisions. 2021 WL 3645869 at *1–2. The district court granted summary judgment in favor of the City, the Seventh Circuit affirmed.

In so doing, the Seventh Circuit held that Conyer's Fourth Amendment claim failed under *Lee v. City of Chicago*, 330 F.3d 456 (7th Cir. 2003), which holds that the continuation of a lawful seizure does not implicate Fourth Amendment protections. 2021 WL 3645869 at *4. His Fifth Amendment claim failed because, even assuming that the City "took" the plaintiff's belongings for a valid public use without just compensation, it "was entitled to treat this property as abandoned—that is, intentionally relinquished"—when the plaintiff failed to retrieve it within thirty days, which, in the court's view, was a reasonable amount of time. 2021 WL 3645869 at *5. Lastly, the court rejected Conyer's Fourteenth Amendment due process claim because he had received adequate notice through the CPD's website and an opportunity to be heard before the City treated his property as abandoned. *Id.* at *6–8.

The same rationales foreclose Kelley-Lomax's constitutional claims here. As in *Conyers*, the City's alleged destruction, confiscation, or sale of Kelley-Lomax's personal belongings after thirty days pursuant to Chicago Municipal Code Section 2-84-160 did not constitute a seizure under the Fourth Amendment or a taking under

3

the Fifth Amendment. *See id.* at *4–5. And Kelley-Lomax does not allege that he received inadequate notice, which would require him to show that the CPD's website did not tell him how to recover his property, that he could not access the website while he was in custody, or that the website was inactive during that time. *See id.* at *6. To the contrary, his allegation that he "was unable to designee to retrieve his personal property" implies that he knew how to recover his property, but simply could not do so. *See* Am. Compl. ¶ 15.

Kelley-Lomax also raises a substantive due process claim as well, which the Seventh Circuit did not address in *Conyers*. But it is well established that "when a substantive-due-process challenge involves only the deprivation of a property interest, a plaintiff must show either the inadequacy of state law remedies or an independent constitutional violation before the court will even engage in [a] deferential rational-basis review." *Lee*, 330 F.3d at 467 (cleaned up). For the reasons discussed above, Kelley-Lomax has not alleged either precondition. *Cf. id.* (indicating that the adequacy-of-state-law-remedies inquiry boils down to a procedural due process analysis in citing *Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002)); *Gable*, 296 F.3d at 540 (observing that state-law postdeprivation remedies are adequate when the plaintiff can bring a common law tort suit). And even if he could, the City's alleged disposition of his belongings was rational. *Cf. Conyers*, 2021 WL 3645869, at *5 ("Nothing compels the City to hold property forever.")

Thus, because Kelley-Lomax's allegations, when taken as true, do not establish a violation of his rights under the Fourth, Fifth, or Fourteenth Amendments, the City's motion to dismiss his amended complaint with prejudice is granted.

**IT IS SO ORDERED.**                    **ENTERED: 8/19/21**

_____
**John Z. Lee**
**United States District Judge**